IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harvin Alston, | ) | C/A No.: 3:18-1748-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Metro Management C/O doing | ) | |
| business as Sam Burt Houses Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Harvin Alston ("Plaintiff"), a South Carolina resident proceeding pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. § 1331(a) against Metro Management C/O doing business as Sam Burt Houses, Inc. ("Defendant")[1] [ECF No. 1]. Plaintiff alleges he lived in a two-bedroom co-op in Brooklyn, New York, for 38 years before moving to South Carolina in April 2014 after Hurricane Sandy hit in October 2012, rendering his building unliveable. *Id.* at 7; ECF No. 28 at 1. Plaintiff claims Defendant owes him the fair market value of his apartment based on their contract. *Id.*

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district

---

[1] It appears from counsel's filings that the actual defendants are two distinct entities: Metro Management and Development, Inc. (s/h/a Metro Management C/O or "Metro") and Sam Burt Houses, Inc. *See, e.g.,* ECF No. 22 at 1.

judge. This matter comes before the court on Defendant's motion to set aside default [ECF No. 22] and motion to dismiss/transfer venue [ECF No. 23]. Plaintiff did not file a response to the motion to set aside default, but did file a response to the motion to dismiss. [ECF No. 28]. The motions are ripe for disposition.

For the reasons that follow, the undersigned recommends the district judge grant the motion to set aside default and transfer this case to the United States District Court for the Eastern District of New York.

I.   Factual and Procedural Background

Plaintiff claims he moved into his co-op apartment in September 1976. [ECF No. 28 at 1]. He asserts he entered into a long-term contract with Defendant that provided all monies would be held in an escrow account. *Id.* He states he was told that all monies would be paid back to him when he moved out of his co-op apartment in the future. *Id.* After Hurricane Sandy, Plaintiff claims Defendant's representative told him that there was no money in the escrow account, that "all of the money was gone" and "had disappear[ed] from the escrow account." *Id.* at 1–2. He states he moved out of the apartment and continued to pay maintenance until October 2013, but then stopped paying upon learning that he was not obligated to pay because the building was unliveable. *Id.* at 2. He claims he has spent two years trying to recoup his equity, to no avail. *Id.*

Plaintiff filed this action on June 26, 2018. [ECF No. 1]. The undersigned authorized service by the United States Marshal, which filed a return of the summons on August 31, 2018, reflecting service on Defendant by certified mail on August 21, 2018. [ECF No. 18-1]. Defendant's answer was due by September 11, 2018, but no answer was filed. [ECF No. 18]. The undersigned issued a Rule to Show Cause on November 2, 2018, for Defendant to show why it failed to answer or otherwise plead. [ECF No. 20]. On November 16, 2018, Defendant appeared and file a motion to set aside default [ECF No. 22] and a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2), (3) and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted [ECF No. 23]. In its motion, Defendant alternatively sought to transfer venue to the United States District Court for the Eastern District of New York. *Id.* at 9.

II.   Discussion

    A.   Motion to Set Aside Default

Defendant argues entry of default against it is not warranted. Pursuant to Fed. R. Civ. P. 55(c), an entry of default may be set aside for "good cause." Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation marks omitted). "Traditionally, . . . relief from a judgment of default should be

3

granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)("[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

The Fourth Circuit has outlined the following six factors that district courts may examine in deciding whether to grant relief from default for good cause shown: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

First, Defendant appears to have a potentially meritorious defense to Plaintiff's complaint, as outlined in its motion to dismiss and discussed below. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Id.*

Next, the court finds Defendant acted with reasonable promptness to seek relief after having failed to respond to the summons and complaint due

to a mistaken belief that its insurance carrier, Chubb North America, would be assigning counsel to defend the case. *See* Affidavit of Cleopatra Monroe, ECF No. 22-1 at 7. Upon receipt of the Rule to Show Cause, Defendant timely filed its motion to set aside the entry of default. The court finds Defendant has acted promptly. *See, e.g. H&C Corporation v. Puka Creations,* C.A. No.:4:12-0003-RBH, 2012 U.S. Dist. LEXIS 164235 (D.S.C. November 15, 2012) (finding defendant acted promptly by moving to set aside entry of default 22 days after receiving notice); *Gathers v. Graham*, C.A. No.: 9:12-cv-00716-JMC, 2012 U.S. Dist. LEXIS 153494 (D.S.C. October 25, 2012) (holding defendant acted promptly by moving to set aside entry of default within one week); *Davis v. State Farm Life Insurance Company*, C.A. No.: 3:10-cv-372-JFA, 2010 U.S. Dist. LEXIS 48334 (D.S.C. May 17, 2010) (finding defendant acted promptly in moving to set aside entry of default 25 days after notice).

Finally, Plaintiff will not be prejudiced by allowing Defendant to respond to, and defend against, his claims. Prejudice is not shown either by the fact that a plaintiff must try the case on the merits, or the fact that a plaintiff's possible recovery would be delayed. *See Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (finding no prejudice to plaintiff "beyond that suffered by any party which loses a quick victory").

Based on the facts set forth above, the court finds Defendant has

5

demonstrated good cause and excusable neglect. Furthermore, the court finds Defendant acted with reasonable diligence in seeking to set aside the default and has tendered a meritorious defense. Therefore, applying the factors set forth above, the undersigned recommends the court grant Defendant's motion to set aside default. [ECF No. 22].

    B.    Motion to Dismiss/Transfer

        1.    Personal Jurisdiction over Defendant

As an initial matter, Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) because the court allegedly lacks personal jurisdiction over it. In evaluating whether there is a basis for personal jurisdiction over a defendant in federal court, the court considers that if a defendant is "not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this regard, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Defendant submits that neither the Cooperative nor Metro (i) have any office or other physical presence in South Carolina, (ii) own any assets in South Carolina, (iii) conduct any business in or direct their business at South

6

Carolina, or (iv) have any officers, employees or agents in South Carolina. Rather, Defendant submits both are New York corporations, with offices exclusively in New York, and conduct business exclusively in New York.

    2.    Failure to State a Claim

Defendant next seeks dismissal of Plaintiff's complaint pursuant to Civ. R. Civ. P. 12(b)(6) alleging it fails to state a claim upon which relief may be granted. Defendant argues Plaintiff's claim lacks merit as a matter of law because the apartment falls within an income and equity-restricted entity governed by the New York Private Housing Finance Law, such that it is subject to the jurisdiction of the New York City Department of Housing Preservation and Development ("HPD"). Defendant argues that HPD shares are not sold at free-market prices, are by definition not "fair market" apartments, and can only be transferred with the approval of both HPD and the Cooperative at prices calculated based upon a specific formula defined by statute. Defendant argues the regulatory scheme governing valuation and transfers of such properties is complex and involves a litany of statutes (including the Private Housing Finance Law) and agency rules (including Title 28 of the N.Y.C. Rules & Regulations Governing City-Aided Limited Profit Housing Companies).

Specifically, Defendant argues at the time of Plaintiff's surrender of his apartment, he owed (1) an unpaid balance of $6,422.21 in monthly rent; (2)

7

the statutory $150.00 resale administration fee; and (3) repair costs of $5,476.80 for replacing plumbing fixtures, removing old carpeting, and installing new floors and tiling in the apartment. [ECF No. 23-1 at 7]. Defendant calculates Plaintiff actually had a negative balance on his equity account at the time he surrendered his shares, and as a matter of law, is not entitled to the fair market value of his apartment. *Id.*

### 3. Improper Venue

Finally, Defendant argues dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(3) because South Carolina is not the appropriate venue for this action because (1) it is not where Defendant is a resident, (2) it is not where the events occurred giving rise to the underlying claim, and (3) it is not where Defendant is subject to the court's personal jurisdiction. *Id.* at 7–8. *See* 28 U.S.C. §1391(2).

### 4. Transfer of Venue

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Additionally, a district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), *see Goldlawr, Inc.*

8

*v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

As argued above, venue in this district appears to be improper. However, the instant case could have been brought in the United States District Court for the Eastern District of New York, where Defendant is located, where the acts giving rise to this case allegedly occurred, where records and other evidence relevant to this action are presumably maintained, and where the presiding court can perhaps better apply the governing New York law applicable to a New York subsidized apartment. *See* 28 U.S.C. § 1391. Therefore, in the interest of justice, the undersigned recommends the court decline deciding the case on the merits, but instead transfer this case to the Eastern District of New York.

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the court grant the motion to set aside default [ECF No. 22], grant the motion to transfer this case to the United States District Court for the Eastern District of New York, and otherwise deny the motion to dismiss [ECF No. 23].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 12, 2018  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

10

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).